UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MICHAEL PAUL THOMAS, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 5:25-CV-00146-DCR-MAS |
| ) | |
| NEW VISTA SCHWARTZ CENTER, ) | |
| *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the undersigned on the referral from the District Court. Plaintiff Michael Thomas filed a Complaint alleging employment discrimination and retaliation claims relating to his employment at New Vista Schwartz Center. He filed the Complaint *pro se*. [DE 1]. However, it appears that Thomas has stopped pursuing this lawsuit. The Court thus ordered Thomas to show cause why his case should not be dismissed for failure to prosecute it. [DE 8]. Thomas filed a timely response to the Court's show cause order, explaining several reasons why he failed to serve Defendants within the time required by Federal Rule of Civil Procedure 4. In the final sentence of his response, Thomas submitted that the action should be dismissed. [DE 9]. For good measure, the Court ordered Thomas to serve Defendants by October 26, 2025. [DE 10]. He did not.

District Courts have the authority to *sua sponte* dismiss actions for failure to prosecute under Federal Rule of Civil Procedure 41(b). *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 362–62 (6th Cir. 1999)). "Dismissal of a claim for failure to prosecute is a harsh sanction" that courts should only order after giving the Plaintiff adequate opportunity to prosecute its case. *Id.* at 726. When deciding whether dismissal under Rule 41(b) is warranted, courts should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll,* 176 F.3d at 363 (citation omitted).

Here, these factors are met. The first factor is met when a party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). Thomas failed to serve Defendants after multiple opportunities. And, although he responded to the Court's show cause order, Thomas requested dismissal of the instant action. [DE 9].

Second, since they were never served, Defendants have not expended any resources in defending this action. For this reason, prejudice to the Defendants is nonexistent and this factor does not weigh in favor of dismissal.

Third, Thomas was expressly warned in the Court's show cause order on September 5, 2025, and the Court's subsequent order on September 25, 2025, that failure to properly serve Defendants within the allotted time would result in the undersigned recommending dismissal of this action. [DE 8 and 10]. Despite these warnings, Thomas did not serve Defendants or express his intention to proceed with this case. In fact, he expressed the opposite: a desire for the Court to dismiss the case. This factor favors dismissal. *See Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *2 (6th Cir. Apr. 15, 1999) ("[A] court may properly dismiss a pro se litigant's case for failure to comply with the court's order where the court puts the pro se party on notice that failure to comply will result in dismissal.").

Finally, less drastic sanctions were considered prior to recommending dismissal. Thomas was ordered to take necessary action concerning his intent to prosecute this matter and notified that failure to do so may result in dismissal. Thomas was aware of the obligation to serve Defendants and chose not to, requesting that the matter be dismissed instead. Under the totality of the circumstances, Thomas's inaction indicates that his failure to prosecute this case is a willful decision on his part and dismissal is warranted. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be seriously doubted."). In this

instance, dismissal without prejudice is being recommended, which is a lesser sanction than is permitted under Federal Rule of Civil Procedure 41(b). *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Furthermore, "dismissal without prejudice is an appropriate sanction in this situation, as it balances the court's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'" *Cornett v. Dobson*, 338 F.R.D. 97, 99 (E.D. Ky. 2021) (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 557 n.5 (6th Cir. 2004)). This is particularly true considering the undersigned is recommending dismissal, providing Thomas one last opportunity to respond and object to dismissal of his case before finality of any action by the District Court.

Moreover, where a plaintiff requests dismissal of his case under circumstances requiring court approval, the court may dismiss the case while imposing terms that are appropriate under the circumstances. FED. R. CIV. P. 41(a)(2). A dismissal under Rule 41(a)(2) is presumptively one without prejudice. Here, Thomas requests dismissal, but does not indicate whether he wishes it to be with or without prejudice. Thus, the Court recommends dismissal of the instant action without prejudice. *See Mich. Surgery Inv., LLC v. Arman*, 627 F.3d 572, 575 (6th Cir. 2010) (holding that a district court may not dismiss an action with prejudice under Rule 41(a)(2) without first giving the plaintiff notice of its intention to dismiss the action with prejudice, an

opportunity to be heard, and an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation).

Accordingly, the Court **RECOMMENDS** the District Court **DISMISS without prejudice** all claims in this matter.  The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of said statute.  As defined by § 636(b)(1), Fed. R. Civ. P. 72(b), and local rule, within **fourteen days** after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration.

Entered this 1st day of December, 2025.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY